NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-10035 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00227-JAM-1 |
| v. | |
| MICHAEL CAREY CLEMANS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted February 4, 2020
San Francisco, California

Before:  PAEZ and BEA, Circuit Judges, and JACK,[**] District Judge.

Michael Clemans appeals the district court's denial of his motion for

acquittal under Rule 29 of the Federal Rules of Criminal Procedure.  He also

argues the district court committed numerous sentencing errors.  Reviewing de

novo the district court's denial of Clemans's Rule 29 motion, *Jackson v. Virginia*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

443 U.S. 307, 319 (1979), and for plain error the sentencing errors, *Johnson v. United States*, 520 U.S. 461, 467 (1997), we affirm.

**1.** There was sufficient evidence for a jury to convict Clemans of traveling or attempted travel with the intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) and (e) (Count One).  Numerous chat messages between Clemans and Nelia Cruz, a woman who helped recruit minor girls for Clemans in Manila, Philippines, demonstrate that when Clemans left the United States, he had the requisite intent to engage in illicit sex.  In the days leading up to Clemans's departure from the United States, Clemans shared with Cruz his desire to have sex with minors, the types of girls he preferred, the price he was willing to pay, and the locations in which he felt comfortable having sex with them.  Thus, even though Clemans had not finalized his itinerary to Manila, a jury could reasonably infer that when he traveled from the United States to Thailand, he intended to continue his travel to Manila to engage in illicit sexual conduct.

**2.** A rational jury could conclude that Clemans conspired to travel with the intent to engage in illicit sexual conduct (Count Two).  The record contained evidence that Clemans entered an agreement with Lyan Tandeg, another woman with whom Clemans communicated to recruit minor girls in Manila, with the intent that Clemans travel to the Philippines to have sex with girls.  Clemans paid Tandeg to find, photograph, and arrange sex with minors in the Philippines.  Clemans's

overarching agreement necessarily implied that he would travel from the United States to Manila, thus meeting the requisite jurisdictional nexus.

**3.** A rational jury could conclude that Clemans "offered" to purchase or otherwise take temporary custody of children knowing they would appear in pornography, in violation of 18 U.S.C. § 2251A(b)(1)–(2), (c)(2) (Count Four). Clemans asked Tandeg to make offers to parents to recruit their children for child pornography. Even though Clemans did not speak directly with the parents, nothing in the statute suggests that a defendant must communicate directly with the parents to constitute an "offer." *See* § 2251A. Further, the statute neither specifies to whom the offer must be made nor suggests that a defendant can escape criminal liability by making the offer to an intermediary, rather than to the parent directly. *See id.* Thus, even though Clemans conveyed his offers to Tandeg, and instructed her to convey those offers to parents, that conduct was sufficient to meet § 2251A's jurisdictional nexus.

**4.** Lastly, even assuming the district court committed clear or obvious errors at sentencing by (1) applying the wrong guidelines section to calculate Clemans's offense levels for his convictions for Count Two and conspiracy to produce child pornography (Count Three, 18 U.S.C. § 2251(c), (e)); (2) applying the two-level enhancement for conspiring to produce images that contain violent conduct or infants under United States Sentencing Guidelines ("U.S.S.G.") § 2G2.1(b)(4)(A)–

3

(B); (3) creating a separate group for Count Four rather than including it in Groups Three, Four, and Five; and (4) denying Clemans a two-level reduction for acceptance of responsibility; Clemans fails to demonstrate that his guidelines range would have been different. With or without the adjustments, Clemans's total offense level would have exceeded 43, and thus still placed him at a recommended sentence of life imprisonment. *See* U.S.S.G. § 5A, cmt. 2. We therefore cannot say any error was plain.

**AFFIRMED.**